1  K.W. Kampe, III, (St. Bar # 096498)
   Post Office Box 220217
2  Santa Clarita, CA 91322-0217
   Telephone: (661) 255-9955
3  Facsimile: (661) 255-3220
   kampe.law@sbcglobal.net

4  Thomas O. McCarthy*
   Robert D. Younger*
5  McMAHON BERGER, P.C.
   2730 N. Ballas Road, Suite 200
6  St. Louis, MO 63131-3039
   Telephone:  (314) 567-7350
7  Facsimile:  (314) 567-5968
   mccarthy@ mcmahonberger.com
8  younger@mcmahonberg.com

9      *Pro Hac Vice to be submitted

10  Attorneys for Defendant Industrial Specialists, LLC

11

12                UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA

13                  CV11-05208 DSF (Ex)

14
    CARLOS ARELLANO and ALBERT        Case No.: _____
15  RODRIGUEZ, on their own behalf and on
    behalf of all those similarly situated,
16                                    NOTICE OF REMOVAL OF CIVIL
                                      ACTION UNDER 28 U.S.C. § 1441(b)
17          Plaintiffs,               (DIVERSITY OF CITIZENSHIP);
        v.                            DECLARATION IN SUPPORT;
18                                    COURT CONFORMED COPY OF
    BRAND INDUSTRIAL SOLUTIONS,       STATE COURT SUMMONS,
19  LLC dba INDUSTRIAL SPECIALISTS    COMPLAINT AND OTHER FILINGS
    OF CALIFORNIA, INC. and DOES 1-20,
20  inclusive,
21
            Defendants.
22

23       TO THE CLERK OF THE ABOVE ENTITLED COURT AND TO PLAINTIFFS
24
    AND THEIR ATTORNEYS OF RECORD:
25
26       PLEASE TAKE NOTICE that Defendant Industrial Specialists, LLC[1], incorrectly
27  ────────────────────
    [1] Brand Industrial Solutions, LLC is a former name of what is now Industrial Specialists, LLC.
28

                                    1                          Case No. :
                                                    Defendant's Notice of Removal

named and sued as Brand Industrial Solutions, LLC, ("Defendant") hereby removes to this Court the state action described below.

1.      On or about May 12, 2011, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles entitled *Carlos Arellano and Albert Rodriguez, on their own behalf and on behalf of all those similarly situated v. Brand Industrial Solutions, LLC dba Industrial Specialists of California, Inc. and Does 1-20, inclusive*, Case No. BC461460 ("Lawsuit").  A true and correct copy of all Pleadings and documents filed with the Superior Court of California are attached hereto as Exhibit 1.

2.      The first date upon which Defendant received a copy of said Summons and Complaint was May 24, 2011, when Defendant was served with a copy of said Complaint and Summons thereon from said State Court.

3.      Defendant has been served with no other pleadings, papers, orders or otherwise, which do not appear in the state court file and all of which are attached hereto as Exhibit 1.

4.      The Lawsuit is a civil action consisting of eight (8) causes of action: (1) Violations of the Unfair Competition Law (Bus. & Prof. Code §§ 17200-17208), (2) Failure to Pay for All Hours Worked, (Lab. Code §§ 204, 1194, 1194.2, 1197; IWC Wage Order 16-2001), (3) Failure to Pay Overtime Wages (Lab. Code, §§ 510, 1194, IWC Wage Order 16-2001), (4) Failure to Provide Meal Periods and/or Meal Period Compensation (Lab. Code §§ 512, 226.7, IWC Wage Order 16-2001), (5) Failure to Provide Paid Rest Breaks and/or Rest Break Compensation (Lab. Code § 226.7, IWC Wage Order 16-2001), (6) Failure to Reimburse for Business Expenditures and Tools (Lab. Code 2802, IWC

2

Wage Order 16-2001), (7) Failure to Provide Accurate Wage Statements and Maintain Accurate Payroll Records (LC §§ 226, 1174, IWC Wage Order 16-2001), and (8) Failure to Pay Compensation Timely Upon Termination or Quit (LC §§ 201, 202 and 203).

5.    Upon information and belief, Plaintiffs Carlos Arellano and Albert Rodriguez are citizens and residents of the State of California.

6.    Defendant is a Delaware limited liability company with its principle place of business located in Kennisaw, Georgia.

7.    During the relevant period, Plaintiff Carlos Arellano's straight-time rate was $15.00 per hour and the straight-time hourly rate for Albert Rodriguez was $25.00 per hour. (See attached Declaration of Rene Echevarria).

8.    While Plaintiffs' Complaint filed in the Lawsuit indicates only that Plaintiff is seeking damages and penalties according to proof, Defendant has a good faith basis and belief to a high degree of legal certainty that the amount in controversy exceeds the sum of $75,000 (exclusive of interest and cost).   Specifically, the jurisdictional amount is met inasmuch as Plaintiffs in their Complaint allege:

a. Plaintiffs were required to attend training sessions relating to performance of work, but not compensated for their time spent in such required training sessions. (Training sessions were approximately 40 hours of compensable time.)(Complaint, ¶ 12).

b. Plaintiffs were required to submit to a physical exam and drug test and not compensated for the time spent completing required physical exams and drug

Case No. :
Defendant's Notice of Removal

test, resulting in a failure to pay each Plaintiff for approximately four (4) hours of work. (Complaint, ¶ 13).

c. Plaintiffs were not compensated for travel time traveling to their worksite after they badged in for approximately thirty (30) minutes each day at the premium rate of one and one-half (1 ½) times Plaintiffs' regular rate of pay for work over eight (8) hours in a day or forty (40) hours in a week or a premium rate of two (2) times Plaintiffs' regular rate for work over twelve (12) hours in a day and work over eight (8) hours on the seventh (7th) consecutive day in a workweek. (Complaint, ¶¶ 14, 15).

d. Plaintiffs were required to work schedules of ten (10) hours per day for four (4), five (5), six (6) or seven (7) days per week, but were not paid at the premium rate of one and one-half (1 ½) times Plaintiff's regular rate of pay for work over eight (8) hours in a day or over forty (40) hours in a week or at the premium rate of two (2) times Plaintiff's regular rate for work over twelve (12) hours in a day and work over eight (8) hours on the seventh (7th) consecutive day of work in a workweek. (Complaint, ¶ 18)

e. Plaintiff's were regularly required to work in excess of five (5) hours per day without being provided an off-duty meal period as required by IWC Wage Order 16-2001 and Labor Code 226.7 and 512. (Complaint, ¶ 21)

f. Plaintiff's were regularly required to work in excess of ten (10) hours per day without being provided a second off-duty meal period as required by

Case No. :
Defendant's Notice of Removal

IWC Wage Order 16-2001 and Labor Code Sections 226.7 and 512. (Complaint, ¶ 22)

g.  Plaintiffs were regularly required to work in excess of four (4) hours without being provided an off-duty paid rest period for every four (4) hours worked as required by IWC Wage Order 16-2001 and Labor Code Section 226.7.

h.  Plaintiffs were regularly required to incur expenses in direct consequence of their discharge of duties, including, but not limited to, purchasing required tools and safety equipment. (Complaint, ¶ 28)

i.  Defendant failed to provide Plaintiff with all compensation owed at the time of discharge or quit. (Complaint, ¶ 33)

j.  Plaintiffs seek to recover all unpaid wages for hours worked. (Complaint, ¶ 72, 76)

k.  Plaintiffs seek recovery of all unpaid overtime and double time wages. (Complaint, ¶ 91)

l.  Plaintiffs seek to recover penalties of $50.00 for the first violation and $100.00 for each subsequent pay period under IWC Wage Order 16, Section 18. (Complaint, ¶ 74, 87, 99, 113, 120, 129, Prayer for Relief No. 7)

m.  Plaintiffs seek one hour's compensation for failure to provide a meal period. (Complaint, ¶ 96, 100)

n.  Plaintiffs seek one hour's compensation for each day that a rest period was not provided. (Complaint, ¶ 106-109)

Case No. :
Defendant's Notice of Removal

o.  Plaintiffs seek compensation for money to purchase tools, equipment, materials and uniforms. (Complaint, ¶ 117-118)

p.  Plaintiffs seek 30 days' pay as compensation for failure to pay all wages due and owing at the time the employment relationship was terminated. (Complaint, ¶ 133-134)

q.  Plaintiffs seek liquidated damages pursuant to Labor Code Section 1194.2. (Complaint ¶ 72, 75, 90, Prayer for Relief No. 9)

r.  Plaintiffs seek an award of reasonable attorneys' fees pursuant to Labor Code Section 203. (Complaint, ¶ 85, 119, 133, Prayer for Relief No. 10)

9.     This Court has jurisdiction over the above described action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 inasmuch as the matter in controversy exceeds the sum of $75,000.00 and is between citizens of different states.

10.     This removal is timely because it has been filed within thirty (30) days after receipt by Defendant, through service of a copy of the initial pleading setting forth a claim upon which such action or proceeding is based.  28 U.S.C. § 1446(b).  As noted above, Defendant was served with the Summons and Complaint on May 24, 2011.

11.     Defendant's Notice of Removal is accompanied by written notice to Plaintiff and a copy of Defendant's Notice of Removal is being filed with the Clerk of the Superior Court of the State of California, in and for the County of Los Angeles, on this date as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant provides Notice of Removal of the above-styled action pending in the Superior Court of the State of California, in and for the County of Los

Case No. :
Defendant's Notice of Removal

1   Angeles, to the United States District Court of the Central District of California.

2   Dated: June 22, 2011                    Respectfully submitted,

3

4

5                                            _____
                                             K.W. Kampe, III
6
                                             Thomas O. McCarthy
7                                            Robert D. Younger
                                             McMAHON BERGER, P.C.
8

9                                            Attorneys for Defendant

10

11

12

13                                      **VERIFICATION**

14   State of California, County of Los Angeles) ss

15        I, K.W. Kampe, III, declare I am attorney of record for Defendant herein, have read

16   the foregoing Notice of Removal and reviewed the Exhibits in support thereof and based

17

18   upon knowledge acquired as counsel for Defendant, the matters and things contained in the

19   Notice of Removal and are true and correct to the best of my knowledge.  I declare under

20

21   penalty of perjury and the laws of the State of California the foregoing is true and correct

22   to the best of my knowledge.  Executed this 22th day of June, 2011, at Santa Clarita,

23   County of Los Angeles,  State of California.

24

25                                           _____
                                             K.W. Kampe, III, Declarant
26

27

28

                                                              Case No. :
                                                              Defendant's Notice of Removal

K.W. Kampe, III, (St. Bar # 096498)
Post Office Box 220217
Santa Clarita, CA 91322-0217
Telephone: (661) 255-9955
Facsimile: (661) 255-3220
kampe.law@sbcglobal.net

Thomas O. McCarthy*
Robert D. Younger*
McMAHON BERGER, P.C.
2730 N. Ballas Road, Suite 200
St. Louis, MO 63131-3039
Telephone: (314) 567-7350
Facsimile: (314) 567-5968
mccarthy@mcmahonberger.com
younger@mcmahonberger.com

   *Pro Hac Vice to be submitted

Attorneys for Defendant Industrial Specialists, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ARELLANO and ALBERT RODRIGUEZ, on their own behalf and on behalf of all those similarly situated, | Case No.: |
| Plaintiffs, | |
| v. | DECLARATION OF RENE ECHEVARRIA IN SUPPORT OF NOTICE OF REMOVAL BY DEFENDANT INDUSTRIAL SPECIALISTS, LLC |
| BRAND INDUSTRIAL SOLUTIONS, LLC dba INDUSTRIAL SPECIALISTS OF CALIFORNIA, INC. and DOES 1-20, inclusive, | |
| Defendants. | |

I, Rene Echevarria, declare as follows:

   1.    I, Rene Echevarria, am currently, and at all relevant times alleged in the Complaint was, employed as the Project Manager for the job at the Exxon Mobile Refinery in Torrance , California where Plaintiffs were employed as alleged in the Complaint (Paragraphs 1

1

Case No. :
Declaration of Rene Echevarria in Support of
Notice of Removal

1   and 2).  I have personal knowledge of the following facts and, if called to testify, I could and

2   would competently testify thereto.

3        2.        Plaintiff Carlos Arellano's straight-time hourly rate between approximately

4   October 2010 to December 2010, the time period alleged in the Complaint, was $15.00 per hour.

5        3.        Plaintiff Albert Rodriguez's straight-time hourly rate between approximately

6   January 2011 to April 2011, the time period alleged in the Complaint, was $25.00 per hour.

7        I declare under penalty of perjury and under the laws of the State of California and under

8   the laws of the United States of America that the foregoing is true and correct.

9        Executed this 21st day of June 2011, at County of Torrance, California.

10

11                                        Rene Echevarria, Declarant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. :
Declaration of Rene Echevarria  in Support of
Notice of Removal