**SUM-100**

# SUMMONS
## (CITATION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BRAND INDUSTRIAL SOLUTIONS, LLC
dba INDUSTRIAL SPECIALISTS OF CALIFORNIA, INC.
AND DOES 1 - 20 INClusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CARLOS ARELLANO and ALBERT RODRIGUEZ, on their own
behalf and on behalf of all those similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 12 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):*  Los Angeles County Superior Court | *(Número del Caso):* **BC 461460** |

Central District

111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Adam Luetto, 3435 Wilshire Blvd., #620, Los Angeles, CA 90010, (213) 380-2344

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  BRAND INDUSTRIAL SolutioNS
   ULC DBA INDUSTRIAL SPECIALISTS of CALIfoRNIA
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor) INC
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

10                    EXHIBIT 1

COPY

1
DAVID A. ROSENFELD, Bar No. 058163
ADAM J. LUETTO, Bar No. 264188
2
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
3
3435 Wilshire Blvd., Suite 620
Los Angeles, California 90010-1907
4
Telephone 213.380.2344
Fax 213.381.1088
5

Attorneys for Plaintiffs
6
CARLOS ARELLANO and ALBERT RODRIGUEZ

7

8

9
IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES
10

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 12 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

BC 461460

| | |
|---|---|
| 11  CARLOS ARELLANO and ALBERT RODRIGUEZ, on their own behalf and on behalf of all those similarly situated,  Plaintiff,  v.  BRAND INDUSTRIAL SOLUTIONS, LLC dba INDUSTRIAL SPECIALISTS OF CALIFORNIA, INC. and DOES 1-20, inclusive,  Defendants. | Case No.  **CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION**  (1) Violations of the Unfair Competition Law (Bus. & Prof. Code, §§ 17200-17208)  (2) Failure to Pay for All Hours Worked (Lab. Code §§ 204, 1194, 1194.2, 1197; IWC Wage Order 16-2001)  (3) Failure to Pay Overtime Wages (Lab. Code §§ 510, 1194, IWC Wage Order 16-2001)  (4) Failure to Provide Meal Periods and/or Meal Period Compensation (Lab. Code §§ 512, 226.7, IWC Wage Order 16-2001)  (5) Failure to Provide Paid Rest Breaks and/or Rest Break Compensation (Lab. Code § 226.7, IWC Wage Order 16-2001)  (6) Failure to Reimburse for Business Expenditures and Tools (Lab. Code § 2802, IWC Wage Order 16-2001)  (7) Failure to Provide Accurate Wage Statements and Maintain Accurate Payroll Records (LC §§ 226, 1174, IWC Wage Order 16-2001)  (8) Failure to Pay Compensation Timely Upon Termination or Quit (LC §§ 201, 202 and 203)  **DEMAND FOR JURY TRIAL** |

28
WEINBERG, ROGER
& ROSENFELD
A Professional Corporation
3435 Wilshire Blvd., Suite 620
Los Angeles, CA 90010
213 380 2344

Complaint For Unfair Business Practices And Violations Of The Labor Code; Demand For Jury Trial

## I. INTRODUCTION

This is an action brought by Plaintiffs CARLOS ARELLANO and ALBERT RODRIGUEZ ("Plaintiffs"), on their own behalves and on behalf of all those similarly situated, against Defendant BRAND INDUSTRIAL SPECIALISTS, LLC dba INDUSTRIAL SPECIALISTS OF CALIFORNIA, INC., ("ISI" or "Defendant") and other as yet unnamed defendants, alleging unfair business practices and violations of the California Labor Code. Plaintiffs and the class seek restitution, equitable accounting, statutory penalties and damages, including declaratory and injunctive relief, attorneys' fees, and costs of suit.

Plaintiffs and putative class members were employed by Defendant as insulators, painters, safety workers, and other construction workers. Plaintiffs and putative class members worked on construction projects at the Exxon Mobil Refinery in Torrance, California. Defendant fails to pay for all hours worked, fails to pay overtime wages, fails to provide meal and rest periods, fails to indemnify for required tools and equipment used in the course of business, and, as a result of such violations, fails to provide complete and accurate wage itemized wage statements and to pay all compensation owed at the time of discharge or quit.

## II. PARTIES

1.      Plaintiff CARLOS ARELLANO, an individual, was employed by Defendant as an insulator at the Exxon Mobil Refinery in Torrance, California from approximately October 2010 to December 2010. He brings this action on his own behalf and on behalf of others similarly situated.

2.      Plaintiff ALBERT RODRIGUEZ, an individual, was employed by Defendant as an insulator at the Exxon Mobil Refinery in Torrance, California from approximately January 2011 to April 2011. He brings this action on his own behalf and on behalf of others similarly situated.

3.      BRAND INDUSTRIAL SPECIALISTS, LLC is a limited liability corporation organized under the laws of the state of Georgia, and is doing business as INDUSTRIAL SPECIALISTS OF CALIFORNIA, INC. in California, and is a "person" as defined in California Labor Code § 18 and California Business and Professions Code § 17201. In addition, ISI is an "employer" as that term is used in the California Labor Code and in the California Industrial

WEINBERG, ROGER
& ROSENFELD
A Professional Corporation
3435 Wilshire Blvd., Suite 620
Los Angeles, CA 90010
213 381 5244

Complaint For Unfair Business Practices And Violations Of The Labor Code; Demand For Jury Trial

/ə

1  Welfare Commission's orders regulating wages, hours, and working conditions.

2      4.      ISI is incorporated in Georgia and has corporate offices in Carson, California and is
3  licensed to do business within the State of California.

4      5.      Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as
5  DOES 1 through 20, inclusive, and therefore sue these Defendants by such fictitious names.
6  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

7      6.      At all relevant times herein, Defendants were the agents of each other and acting
8  within the course and scope of their agency.

9      7.      Venue is proper based on the location of the commission of the acts alleged herein.
10  The work giving rise to this complaint was performed in Los Angeles County.  The relief requested
11  is within the jurisdiction of this Court.

12                      III.  **FACTUAL ALLEGATIONS**

13      8.      During the year prior to the filing of this action, going back at least as far as
14  September 2010, and continuing through the present ("statutory period"), Defendant has performed
15  work at Exxon Mobil Refinery in Torrance, California.

16      9.      During the statutory period, Defendant engaged in:
17          •   a pattern and practice of failing to wages for all hours worked as required
18              under California law;
19          •   a pattern and practice of failing to pay proper overtime wages as required
20              under California law;
21          •   a pattern and practice of failing to provide meal and rest periods as required
22              under California law;
23          •   a pattern and practice of failing to provide and/or reimburse insulators,
24              painters, safety workers, and other construction workers for required tools as
25              required by California regulations and law;
26          •   a pattern and practice of failing to indemnify insulators, painters, safety
27              workers, and other construction workers for all necessary expenditures or

28
WEINBERG, ROGER
& ROSENFELD
A Professional Corporation
3435 Wilshire Blvd., Suite 620
Los Angeles, CA 90010
213 381 2244

- 3 -
Complaint For Unfair Business Practices And Violations Of The Labor Code; Demand For Jury Trial

*13*

losses incurred by the insulators, painters, safety workers, and other
construction workers in direct consequence of the discharge of their duties,
or of their obedience to the directions of the Defendant, as required under
California law;

- a pattern and practice of failing to provide insulators, painters, safety
  workers, and other construction workers with complete and accurate wage
  statements as required under California law; and,

- a pattern and practice of failing to provide all compensation owed at the time
  of discharge or quit as required under California law.

10.    The wages, hours and working conditions of individuals employed in the
construction industry are regulated by Industrial Wage Commission Wage Order 16, Cal. Code
Regs. tit. 8, § 11160 ("IWC Wage Order 16-2001") and the California Labor Code ("Labor
Code"). Plaintiffs and members of the class are non-exempt insulators, painters, safety workers,
and other construction workers within the meaning of Labor Code section 515 and IWC Wage
Order 16-2001.

11.    During the statutory period, Defendant failed to pay for all hours worked by
Plaintiffs and the class, including, without limitation the failure to pay for all hours worked as
required by Labor Code sections 204, 1194 *et seq.* and Wage Order 16-2001.

12.    During the statutory period, Plaintiffs and the class were required to attend training
sessions relating to performance of work within the Exxon Mobil Refinery, including but not
limited to RSO training, HITS training, and/or Asbestos Certification training, but Plaintiffs and
the class were not compensated for their time spent attending such required training sessions.
Defendant's failure to compensate Plaintiffs and the class for the time they spent attending these
required training sessions resulted in Defendant's failure to pay each Plaintiff and class member for
approximately forty (40) hours of compensable time.

13.    During the statutory period, Plaintiffs and the class were required by Defendant to
submit to a physical examination and drug test. Defendant failed to compensate Plaintiffs and the
class for the time they spent completing their required physical examinations and drug tests.

WEINBERG, ROGER
& ROSENFELD
A Professional Corporation
3435 Wilshire Blvd., Suite 620
Los Angeles, CA 90010
213.381.2244

- 4 -

Complaint For Unfair Business Practices And Violations Of The Labor Code; Demand For Jury Trial

1   Defendant's failure to compensate Plaintiffs and the class for the time they spent completing their

2   required physical examinations and drug tests resulted in Defendant's failure to pay each Plaintiff

3   and class member for approximately four (4) hours of work.

4        14.   Labor Code sections 204 and 1194 *et seq.* and Wage Order 16-2001 require

5   payment for all hours worked. This includes travel time under the employer's control. During the

6   statutory period, Defendant failed to pay Plaintiffs and the class for time spent traveling to and

7   from their worksite within the refinery at the beginning and end of every shift.

8        15.   During the statutory period, Plaintiffs and the class were required to "badge-in" at

9   the main entrance to the refinery approximately thirty (30) minutes prior to the beginning of their

10   shifts and then travel to their worksite within the refinery. Defendant failed to compensate

11   Plaintiffs and the class at all for time spent traveling to their worksite within the refinery after they

12   "badge-in." Defendant's failure in this regard, resulted in Defendant's failure to compensate

13   Plaintiffs and the class for approximately thirty (30) minutes each day. This time should have been

14   paid at the premium rate one-and-one-half (1½) times the Plaintiffs' and the class members'

15   regular rate of pay for work over eight (8) hours in a day or over forty (40) hours in a week or

16   should have been paid at the premium rate of two (2) times the Plaintiffs' and the class members'

17   regular rate of pay for work over twelve (12) hours in a day and work over eight (8) hours on the

18   seventh (7th) consecutive day of work in a workweek.

19        16.   IWC Wage Order 16-2001(3) and California Labor Code sections 510 and 1194

20   provide for compensation for all hours worked in excess of 8 hours in one day or 40 hours in one

21   work week.

22        17.   During the statutory period, Plaintiffs and the class were regularly required to work

23   in excess of eight (8) hours in one day and/or forty (40) hours in one workweek without being

24   provided overtime at the rate of one-and-one-half (1½) times the regular wage rate in violation of

25   Labor Code sections 510, 1194 and IWC Wage Order 16-2001.

26        18.   During the statutory period, Plaintiffs and the class were required to work schedules

27   of ten (10) hours per day for four (4), five (5), six (6), or seven (7) days per week, but were not

28   paid at the premium rate one-and-one-half (1½) times the Plaintiffs' and the class members'

WEINBERG, ROGER
& ROSENFELD
A Professional Corporation
3435 Wilshire Blvd., Suite 620
Los Angeles, CA 90010
213.381.3344

- 5 -

Complaint For Unfair Business Practices And Violations Of The Labor Code; Demand For Jury Trial

15

1    regular rate of pay for work over eight (8) hours in a day or over forty (40) hours in a week or at

2    the premium rate of two (2) times the Plaintiffs' and the class members' regular rate of pay for

3    work over twelve (12) hours in a day and work over eight (8) hours on the seventh (7th)

4    consecutive day of work in a workweek.

5        19.    According the California Department of Industrial Relations website's Alternative

6    Workweek Elections Database, Defendant conducted a purported alternative workweek election on

7    October 27, 2010 for insulators, painters, safety workers, and other construction workers employed

8    by Defendant. Plaintiffs are informed and believe that Defendant conducted at least one other

9    purported alternative workweek election in or about February 2011.

10       20.    Plaintiffs allege on information and belief that any and all alternative workweek

11   elections conducted by Defendant during the statutory period were invalid, because they did not

12   include the requirements for valid alternative workweek elections as set forth in IWC Wage Order

13   16-2001, section (3)(C). None of the elections held by Defendant during the statutory period were

14   secret ballot elections and Defendant failed to properly make the disclosures required under IWC

15   Wage Order 16-2001, section (3)(C)(3), rendering any elections held by the Defendant during the

16   statutory period null and void.

17       21.    During the statutory period, Plaintiffs and the class were regularly required to work

18   in excess of five (5) hours per day without being provided, authorized, or permitted an off-duty

19   meal period, as required by IWC Wage Order 16-2001 and Labor Code sections 226.7 and 512.

20       22.    During the statutory period, Plaintiffs and the class were regularly required to work

21   in excess of ten (10) hours per day without being provided, authorized, or permitted a second off-

22   duty meal period, as required by IWC Wage Order 16-2001 and Labor Code sections 226.7 and

23   512.

24       23.    During the statutory period, Plaintiffs and the class were regularly required to work

25   in excess of four (4) hours without being provided, authorized, or permitted an off-duty paid rest

26   period for every four (4) hours worked as required by IWC Wage Order 16-2001 and Labor Code

27   section 226.7.

28       24.    During the statutory period, Plaintiffs and the class never waived their rights to any

WEINBERG, ROGER
& ROSENFELD
A Professional Corporation
3435 Wilshire Blvd., Suite 620
Los Angeles, CA 90010
213.381.2344

- 6 -

16

1 meal or rest periods and were not properly or fully compensated by Defendant for Defendant's

2 failure to provide, authorize, or permit off-duty rest periods and meal periods during the four (4)

3 years prior to the filing of this action.  Defendant failed to inform insulators, painters, safety

4 workers, and other construction workers of their rights to meal and rest periods.

5      25.     Defendant does not provide insulators, painters, safety workers, and other

6 construction workers with required safety equipment to work in the Exxon Mobil Refinery and

7 does not provide insulators, painters, safety workers, and other construction workers with required

8 tools.

9      26.     Defendant does not provide drinking water for insulators, painters, safety workers,

10 and other construction workers on job sites.

11      27.     Labor Code section 2802 states that an employer shall indemnify his or her

12 employee for all necessary expenditures incurred by the employee in direct consequence of the

13 discharge of his or her duties, and of his or her obedience to the directions of the employer.

14 Similar requirements are imposed under IWC Wage Order 16-2001(8).

15      28.     During the statutory period, Plaintiffs and the members of the class were regularly

16 required to incur expenses in direct consequence of the discharge of duties for Defendant,

17 including, but not limited to purchasing required tools and safety equipment.

18      29.     During the statutory period, Plaintiffs and members of the class were not

19 compensated for all expenditures they incurred in discharging their duties or carrying out the

20 directions and instructions of Defendant, in violation of Labor Code section 2802 and IWC Wage

21 Order 16-2001(8).

22      30.     Labor Code section 226 requires the employer to provide each employee with a

23 complete and accurate itemized wage statement showing, among other things, all hours worked

24 and the correct hourly rate provided to the employee for those hours worked.  Failure to provide

25 this accurate statement allows employees to collect damages, seek injunctive relief and recover

26 penalties.

27      31.     During the statutory period, Defendant failed to provide complete and accurate

28 itemized wage statements reflecting the total hours of each category of compensation earned and/or

WEINBERG, ROGER
& ROSENFELD
A Professional Corporation
3435 Wilshire Blvd., Suite 620
Los Angeles, CA 90010
213.381.2344

- 7 -

Complaint For Unfair Business Practices And Violations Of The Labor Code; Demand For Jury Trial

1 the accurate rate of pay.  As a result of the above violations, Defendant failed to provide accurate

2 wage statements to insulators, painters, safety workers, and other construction workers each week.

3       32.    Labor Code sections 201 and 202 require the payment of all wages due upon the

4 termination of the employment relationship.

5       33.    As a result of the above violations, Defendant failed to provide Plaintiffs and others

6 similarly situated with all compensation owed at the time of discharge or quit.

7       34.    Plaintiffs are informed and believe and thereupon allege that as a proximate and

8 direct result of Defendant's actions, Plaintiffs and all others similarly situated have suffered injury

9 and economic damage and are entitled to penalties in an amount to be specified at trial.

10       35.    Plaintiffs are informed and believe and thereupon allege that as a proximate and

11 direct result of Defendant's actions, Defendant unlawfully acquired money or property from

12 Plaintiffs and others similarly situated in an amount to be specified at trial.

13 ## IV.  CLASS ALLEGATIONS

14       36.    Plaintiffs reallege, and incorporate by reference, the allegations contained in

15 paragraphs 1 through 35 above, as if fully stated herein.

16       37.    Plaintiffs bring this action on behalf of themselves and all other current and former

17 insulators, painters, safety workers, and other construction workers similarly situated as a class

18 action under Code of Civil Procedure section 382.  Plaintiffs seek to represent the following class

19 and subclasses:

20     Class:

21     All current and former insulator, painter, and safety worker employees of
    Defendant employed in California during the statutory period who are
22     owed compensation by Defendant.

23     Subclasses:

24     All current and former insulator, painter, and safety worker employees of
    Defendant employed in California during the statutory period who were
25     not compensated for all hours worked, as required by California law.

26     All current and former insulator, painter, and safety worker employees of
    Defendant employed in California during the statutory period who were
27     not compensated at the rate of time and one half their correct regular rate
    for all hours worked in excess of 8 hours in a workday and/or 40 hours in
28     any workweek, as required by California law.

WEINBERG, ROGER
& ROSENFELD
A Professional Corporation
3435 Wilshire Blvd., Suite 620
Los Angeles, CA 90010
213 381 2344

- 8 -

All current and former insulator, painter, and safety worker employees of Defendant employed in California during the statutory period who were not compensated at the rate of double time their correct regular rate for all hours worked in excess of 12 hours in a workday and/or all hours worked in excess of 8 hours in a workday on the seventh consecutive workday in a single workweek.

All current and former insulator, painter, and safety worker employees of Defendant employed in California during the statutory period who were not provided rest breaks and/or meal periods as required by California law.

All current and former insulator, painter, and safety worker employees of Defendant employed in California during the statutory period who were not indemnified for all necessary expenditures or required tools or required safety equipment as required by California law.

All current and former insulator, painter, and safety worker employees of Defendant employed in California during the statutory period who were not provided complete and accurate, itemized wage statements as required by California law.

All current and former insulator, painter, and safety worker employees of Defendant employed in California during the statutory period who did not receive all wages due at the time of discharge or quit as required by California law.

38.     Plaintiffs reserve the right under Rule 3.765, California Rules of Court to amend or modify the class descriptions with greater specificity or further division into sub-classes or limitation to particular issues.

39.     This action may be properly maintained as a class action under Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

A.     **NUMEROSITY**

40.     The members of the proposed class are so numerous that joinder of all the members of the class is impracticable. While the precise number of class members has not been determined at this time, Plaintiffs are informed and believe that Defendant employed at least forty (40) insulators, painters, safety workers, and other construction workers on various construction projects during the statutory period.

41.     Plaintiffs allege Defendant's employment records would provide information as to the number and location of all class members. Those records will furthermore disclose the

WEINBERG, ROGER
& ROSENFELD
A Professional Corporation
3435 Wilshire Blvd., Suite 620
Los Angeles, CA 90010
213 381 2344

- 9 -

recorded amount of time worked and pay received to date for each employee, whether overtime
and other wages were paid, or Plaintiffs and others similarly situated will have their own
reasonable estimates of such monies.

**B.     COMMONALITY**

42.     There are questions of law and fact common to the class that predominate over any
questions affecting only individual class members.  These common questions of law and fact
include, without limitation:

a.     Whether Defendant violated Labor Code §§ 204, 1194, 1194.2, 1197, and
IWC 16-2001 by failing to pay employees for all hours worked;

b.     Whether Defendant violated Labor Code §§ 510, 1194 and IWC Wage
Order 16-2001(3) by failing to pay employees at the rate of one and one half times their
regular rate for all hours worked in excess of 8 hours per day and/or in excess of 40 hours
in a workweek and/or pay employees at two times their regular rate for pay for all hours
worked in excess of 12 hours per day and/or in excess of 8 hours in a single workday on the
seventh consecutive workday in a workweek;

c.     Whether Defendant violated Labor Code §§ 226.7 and 512, and IWC Wage
Order 16-2001 by failing to provide off-duty meal periods after five (5) hours of work and
by failing to pay compensation of one (1) hour's wages in lieu of off-duty meal periods;

d.     Whether Defendant violated Labor Code §§ 226.7 and 512, and IWC Wage
Order 16-2001 by failing to provide a second off-duty meal period after ten (10) hours of
work and by failing to pay compensation of one (1) hour's wages in lieu of second off-duty
meal periods;

e.     Whether Defendant violated Labor Code §§ 226.7 and IWC Wage Order 16-
2001 by failing to provide daily off-duty rest periods for every four (4) hours or major
fraction thereof worked and by failing to pay compensation of one (1) hour's wages in lieu
of off-duty rest periods;

f.     Whether Defendant violated Labor Code § 2802 and IWC Wage Order 16-

WEINBERG, ROGER
& ROSENFELD
A Professional Corporation
3435 Wilshire Blvd., Suite 620
Los Angeles, Ca. 90010
213.382.2541

- 10 -

1    2001 by failing to indemnify employees for purchase of required tools, required safety

2    equipment, and other expenses incurred in direct consequence of the discharge of duties for

3    Defendant or in obedience to the direction of Defendant;

4         g.    Whether Defendant violated California Labor Code § 226 *et seq.* and all

5    other applicable Labor Code sections and Wage Orders, by failing to keep adequate payroll

6    records and failing to provide complete and accurate, itemized wage statements;

7         h.    Whether Defendant violated Labor Code §§ 201, 202, and 203 by failing to

8    pay all wages due at the time of termination of employment.

9    **C.    TYPICALITY**

10        43.    The claims of the named Plaintiffs are typical of the claims of the proposed class.

11   Plaintiffs and all members of the proposed class sustained injuries and damages arising out of and

12   caused by Defendant's common course of conduct in violation of laws and regulations as alleged

13   herein.

14   **D.    ADEQUACY OF REPRESENTATION**

15        44.    Plaintiffs are adequate representatives of the proposed class in that Plaintiffs have

16   the same interests in the litigation of this case as the proposed class members. Plaintiffs are

17   committed to vigorous prosecution of this case and have retained competent counsels who are

18   highly experienced in class action and wage and hour litigation of this nature. Plaintiffs are not

19   subject to any individual defenses different from those conceivably applicable to the Class as a

20   whole.

21   **E.    SUPERIORITY OF CLASS ACTION**

22        45.    A class action is superior to other available means for the fair and efficient

23   adjudication of this controversy. Individual joinder of all proposed class members is not

24   practicable, and questions of law and fact common to the class predominate over any questions

25   affecting only individual members of the class. Each member of the class has been damaged and is

26   entitled to recovery by reason of Defendant's illegal policies and/or practices with respect to failure

27   to pay wages for all hours worked, failure to pay overtime, failure to pay double time, failure to

28

WEINBERG, ROGER
& ROSENFELD
A Professional Corporation
3435 Wilshire Blvd., Suite 620
Los Angeles, CA 90010
213 381 2044

Complaint For Unfair Business Practices And Violations Of The Labor Code; Demand For Jury Trial

1   provide, authorize or permit required meal and rest periods, failure to indemnify for expenses,

2   failure to provide adequate wage statements and failure to pay discharged or quitting employees all

3   wages earned.

4        46.    Class action treatment will allow those similarly situated persons to litigate their

5   claims in the manner that is most efficient and economical for the parties and the judicial system.

6   Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of

7   this action that would preclude its maintenance as a class action.

8        47.    A class action is superior to other available methods for the fair and efficient

9   adjudication of this controversy because individual litigation of the claims of all proposed class

10   members is impractical.  Even if every proposed class member could afford individual litigation,

11   the court system could not.  It would be unduly burdensome to the courts in which individual

12   litigation of numerous cases would proceed.  Individualized litigation would also present the

13   potential for varying, inconsistent, or contradictory judgments and would magnify the delay and

14   expense to all parties and to the court system resulting from multiple trials of the same complex

15   factual issues.  By contrast, the conduct of this action as a class action, with respect to some or all

16   of the issues presented herein, presents fewer management difficulties, conserves the resources of

17   the parties and the court system, and protects the rights of each proposed class member.  Plaintiffs

18   anticipate no management difficulties in this litigation.

19        48.    This action involves a corporate employer that has employed at least forty (40)

20   insulators, painters, safety workers, and other construction workers in the State of California, each

21   with a relatively small claim.  If each employee were required to file an individual lawsuit,

22   Defendant would gain an unconscionable advantage as it would be able to exploit and overwhelm

23   the limited resources of each individual plaintiff with vastly superior financial and legal resources.

24   Requiring each class member to pursue an individual remedy would also discourage the assertion

25   of lawful claims of employees who would be disinclined to file an action against their

26   current/former employer for real and justifiable fear of retaliation and permanent damage to their

27   careers and subsequent employment.

28        49.    Defendant has also acted, or has refused to act, in respects generally applicable to

WEINBERG, ROGER
& ROSENFELD
A Professional Corporation
3435 Wilshire Blvd., Suite 620
Los Angeles, CA 90010
213.381.5944

- 12 -

Complaint For Unfair Business Practices And Violations Of The Labor Code; Demand For Jury Trial

22

1  the proposed class, thereby making relief appropriate with regard to the members of the proposed

2  class as a whole, as requested herein.

3                    **V.   FIRST CAUSE OF ACTION**
                      **UNFAIR BUSINESS PRACTICES**
4                     (Business & Professions Code § 17200, *et seq.*)

5       50.     Plaintiffs repeat, reallege, and incorporate by reference each and every allegation set

6

7  forth in all paragraphs 1 through 49 above, inclusive, as though fully set forth at length herein.

8       51.     California Business and Professions Code section 17200 *et seq.* prohibits unfair

9  competition in the form of any unlawful, unfair, deceptive, or fraudulent business practice.

10  Beginning at an exact date unknown to Plaintiffs, but beginning at least in or about September

11  2010, Defendant committed unlawful acts as defined by Business & Professions Code section

12  17200, and engaged in unlawful and unfair business practices including, but not limited to,

13  violations of:

14          a.    Labor Code § 204 (failure to pay wages for all hours worked);

15          b.    Labor Code § 1194 *et seq.* (failure to pay wages for all hours worked);

16          c.    IWC Wage Order 16(4) (failure to pay wages for all hours worked);

17          d.    Labor Code § 510 (overtime compensation);

18          e.    Labor Code § 1194 *et seq.* (overtime compensation);

19          f.    IWC Wage Order 16(3) (overtime compensation);

20          g.    Labor Code § 512 (failure to provide meal periods);

21          h.    Labor Code § 226.7 (failure to provide meal and rest periods);

22          i.    IWC Wage Order 16-2001(10) (failure to provide meal periods);

23          j.    IWC Wage Order 16-2001(11) (failure to provide rest periods);

24          k.    Labor Code § 2802 (failure to reimburse for expenditures);

25          l.    IWC Wage Order 16-2001(8) (failure to provide or reimburse for tools);

26          m.    Labor Code § 226 (failure to provide complete and accurate wage

27                statements);

28

WEINBERG, ROGER
& ROSENFELD
A Professional Corporation
3435 Wilshire Blvd., Suite 620
Los Angeles, CA 90010
213 383 2344

- 13 -

Complaint For Unfair Business Practices And Violations Of The Labor Code; Demand For Jury Trial

23

n.    Labor Code § 1174 (failure to maintain accurate payroll records);

o.    Labor Code § 201 (failure to pay upon termination of employment);

p.    Labor Code § 202 (failure to pay upon termination of employment);

q.    Labor Code § 203 (failure to pay upon termination of employment).

52.    The violations undertaken by Defendant, beginning in or about September 2010 and continuing, including all violations alleged herein, constitute unlawful activity and unfair business practices prohibited under Business & Professions Code section 17200.

53.    The violation of these laws serve as unlawful predicate acts for purposes of Business & Professions Code section 17200 and remedies are provided therein under Business & Professions Code section 17203. Plaintiffs and all putative class members have suffered direct economic injury in that they have not been paid all wages, compensation and reimbursement due in a timely manner.

54.    The acts and practices described in this Complaint constitute unlawful, unfair and fraudulent business practices, and unfair competition by the Defendant within the meaning of Business and Professions Code section 17200 *et seq*.

55.    Business & Professions Code section 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition and to which those person have an ownership interest. Plaintiffs and other insulators, painters, safety workers, and other construction workers employed by Defendant are entitled to restitution pursuant to Business & Professions Codes sections 17203 and 17208 for all wages unlawfully withheld from them during the four years prior to the filing of this Complaint. Plaintiffs will, upon leave of the Court, amend this Complaint to state such amounts when they become ascertained.

56.    Plaintiffs' success in this action will enforce important rights affecting the public interest, and in that regard, Plaintiffs sue on behalf of themselves and other current and former employees similarly situated. Plaintiffs and the class seek and are entitled to unpaid wages, unpaid compensation for missed meal and rest periods, unpaid reimbursement for business expenditures, unpaid compensation upon termination or quit, injunctive relief, declaratory relief, and any other

WEINBERG, ROGER
& ROSENFELD
A Professional Corporation
3435 Wilshire Blvd., Suite 620
Los Angeles, CA 90010
213 381 2344

- 14 -

24