UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

| Case No. | CV 11-5208 DSF (Ex) | Date | 7/11/11 |
|---|---|---|---|
| Title | Carlos Arellano, et al. v. Brand Industrial Solutions, LLC, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order REMANDING Case to the Superior Court of California, County of Los Angeles for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

Defendant alleges the Court has jurisdiction under 28 U.S.C. § 1332,[1] otherwise known as diversity jurisdiction. (Notice of Removal ¶ 9.) Federal courts have diversity jurisdiction over a civil action if (1) the amount in controversy exceeds $75,000; and (2) the matter is between citizens of different states. 28 U.S.C. § 1332(a).

Defendant failed to establish this matter is between citizens of different states. Defendant is a limited liability company, so it is a citizen of every state of which its members are citizens. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894,

---

[1] Although this is a class action, Defendant did not remove the case pursuant to the Class Action Fairness Act, and the facts as pled do not bring the cases within that Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

899 (9th Cir. 2006). Defendant did not properly allege its own citizenship because it did not allege who its members are, let alone its members' states of citizenship. (Notice of Removal ¶ 6.)

Because Defendant failed to show the Court may exercise diversity jurisdiction over this action, the Court REMANDS the case to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.